Good morning, Your Honors. May it please the Court, Harini Raghupathy with Federal Defenders of San Diego, on behalf of the appellate, Mr. Lizarraga-Leyva. Mr. Lizarraga's California conviction for possessing drugs for sale is not categorically an aggravated felony because its knowledge element is overbroad. So at this point in the appeal, the main dispute between the parties is whether Mr. Lizarraga's conviction under Section 11378 of the California Health and Safety Code constitutes, quote, illicit trafficking in a controlled substance as defined in Section 802 of Title 21. So it's what the parties are calling Route 1 of the aggravated felony definition. The specific question is whether that Route 1 incorporates any kind of generic mens rea. And the government's first response is no. Essentially, all Route 1 requires is a trafficking element. Counsel, what do we do? As you well know, the Supreme Court decided Lopez v. Gonzalez, and we decided Ranton v. Mukasey, which determined that in the case of this statute, that it constitutes an aggregated felony even though the mens rea element was not included in that definition. What do we do with that? Isn't that binding precedent? It is binding precedent, Your Honor, but I would distinguish what the holding of Ranton is. So Ranton didn't actually address any kind of mens rea argument. It simply, that wasn't an issue in the case. And so this Court has held in cases like Worley and Valdivia Flores that where a source of overbreath isn't raised in a prior challenge, that decision doesn't preclude the defendant from bringing up a new source of overbreath. So as far as we're aware of, no court in the Ninth Circuit has considered whether the knowledge element of Section 11378, or for that matter, any other California drug statute, is overbroad. I'm sorry. Go ahead. Why should we assume that California thinks the mens rea requires a defendant to understand which set of laws makes the controlled substance a controlled substance? I mean, why shouldn't we think California thinks it's enough that the person understand they have something that's illegal either under a state or federal law? The reason is because California case law has provided for that. So we cited three California decisions in our opening brief, People v. Garinger. But in all of those, it doesn't matter if you know which controlled substance you have. But I didn't see anything that said you specifically need to address this question. I mean, right now in the world, we have this question of what's illegal under California law and what's illegal under federal law. But in general, people don't understand these differences, don't understand that there are federal courts and state courts. I mean, in general, people just know things are illegal or not. And the whole concern about whether someone has oregano versus marijuana is taken care of, I think, if you just know generally that it's something illegal. And it doesn't really matter if you understand if it's state or federal. So I think that the way California has defined the elements, so I'm looking at, for example, the jury instruction. It says the defendant knew of the substance's nature or character as a controlled substance. It doesn't say specifically right under California law, but I think that that is sort of presumed because something is controlled. Control doesn't have any independent meaning untethered from the source of law that controls it. And so I think California only has jurisdiction to render offenses that it itself controls as a criminal offense. But isn't the point of the mens rea requirement to make sure that someone isn't captured when really they didn't think they were doing anything wrong? But doesn't someone know they're doing something wrong if they're violating either state or federal law? Not in California. I think California. Is there any California case that you can point to that says this is a strict liability offense? That's what you seem to be claiming it is. I don't see what case you're relying on in that regard. So I believe that's the government's position, Your Honor, regarding the strict liability. Well, I'm asking you, what's the case? You're saying that you can be liable under this section, criminally liable, if you have no intent? Or are you simply saying, as Judge Freeland just pointed out, that, oh, you've got to know that it's a federal intent, not a state intent, assuming arguendo that common law mens rea differs in that regard? Our argument is that under California law, in order for someone to have the requisite mens rea, they need to know the substances on the California list of controlled substances. So they don't need to necessarily know the specific name of the drug or the narcotic character of the drug. They just have to know that whatever is in their possession is on the list of California controlled substances. And that's different from the requirement under the federal definition, which the Supreme Court, and held in McFadden, requires the generic mens rea for the federal offenses. You have to know the substance is on the federal list of controlled substances. And this court has repeatedly held that the California list of controlled substances is broader than the federal list. And because the knowledge element is tied to the broader list, it necessarily incorporates that broader list. That makes the knowledge element necessarily overbroad as well. That's essentially our argument for why this conviction is not an aggravated felony. Let's assume arguendo, that the broadness is a bit of a problem. So then you find out whether the statute is divisible. And I don't think as to the element of the drug type, you're arguing that 11-378 is not a divisible statute, are you? We are not, Your Honor. I think this case was stayed pending the Ombach decision in Martinez-Lopez. Once that came down, we are not arguing that the drug type element is indivisible. Okay. So given that fact, then don't we get to the modified categorical analysis? And if you do that, then you go into the documentation that was presented before the court in this case. Don't we have clear and convincing evidence that this was, for federal purposes, a drug trafficking offense? No, Your Honor. And I think there's two sources of overbreadth. There's the drug type element, which you would go to the modified categorical approach. But in order to first do that, you have to disagree that the knowledge element is overbroad and indivisible. And our argument is that the knowledge element is overbroad, but it's also indivisible. And therefore, it's not subject to the modified categorical approach. And your best case for that is what? That the knowledge element is indivisible? Mm-hmm. There would be three cases that we cited, People v. Geringer, People v. Guy, and People v. Romero. In those cases, they were all examples of a defendant believing he possessed one type of California-controlled substance. But it turned out that he or she, in fact, possessed a different California-controlled substance. And the California court said that there was still knowledge of the controlled nature of the substance under California law. And the jury instruction doesn't require the jury to unanimously agree on what specific substance the defendant believed he possessed. And so that makes the knowledge element indivisible. I'd like to briefly just touch on the remaining points in the appeal. So this is a 1326D motion. And we believe that the other ‑‑ I just talked a lot about prejudice, or excuse me, the due process violation, which is under D.3. There's also D.1 and D.2, which relate to administrative exhaustion and deprivation of the opportunity for judicial review. The government has essentially conceded in this case that we're able to satisfy that. And I would point to the court's recent decision just two weeks or three weeks ago from Valdivia Flores, which held that in an administrative proceeding of this nature, there's essentially no opportunity for judicial review because the immigrant isn't given an opportunity to challenge the fact that they have an aggravated felony conviction. So I think that takes care of D.1 and D.2. And then D.3, the remaining question is, assuming Mr. Lizarraga wasn't removable as charged, Valdivia Flores also held that that necessarily results in prejudice because Mr. Lizarraga was not an aggravated felon. He was ordered removed through an administrative removal process by an immigration officer when he shouldn't have been. He had no administrative or judicial recourse for that, and therefore there was prejudice. So you're saying there's no exhaustion required, right? In this case, there is no exhaustion. By the very nature of the administrative removal proceeding, there's no ability to exhaust. Thank you, Your Honors. You're welcome. We'll hear from the government. Good morning. May it please the Court. Mark Rahe for the United States. Your Honors, the district court in this case correctly denied the motion to dismiss because California Health and Safety Code 11378 is an aggravated felony. To our knowledge, no court has adopted the theory that the defense is putting forth in front of this court today, and we would argue today that there is no sound reason to do so. As originally alleged, the defense claimed that this statute was overbroad because it doesn't require the defendant to know that the substance that he or she is trafficking is on the federal schedules. All that would mean, even if you assume that, because California law doesn't parse it to that level, is that you could say that this wouldn't be punishable as a felony under federal law. But as this court's case law has made clear, Judge Smith, you mentioned Rendon v. McKay. You also authored a case called Das v. Holder that we cite. And the Supreme Court in Lopez v. Gonzales has made clear that there are two separate routes for proving categorical satisfaction of this definition. Our position is that illicit trafficking, when one looks at 1101A43AB, it starts out with the generic phrase, illicit trafficking in a controlled substance, comma, including any crime punishable under federal law. So by definition, just as a rule of statutory construction, the generic definition should include more than just that, which would be punishable as a federal offense. Otherwise, the only convictions that would ever satisfy this definition would be Title 21 convictions. And we know that would be an absurd result, because elsewhere in Title 8 U.S.C. 1101A43, Congress was clear that they wanted to incorporate both state and federal offenses. That said, there is no reason to import the kind of requirement that California would have to also prove that somebody knew a drug was on the federal schedules. As Judge Friedman pointed out, we see a case, People v. Montero, it was cited in our opponent's briefs, the knowledge that California requires, and this is a quote from page 671 of that opinion, knowledge of the fact of possession and of the illegal character of the substance, end quote. California doesn't go any farther to say you also have to know which particular schedule, let alone federal. Not only that, we would posit when this court attempts to construct a generic definition, it should at least be tethered to majority state usage. This court held as much in Garcia-Santana, and they cited Taylor for that proposition. Today, as we stand here, I've done the best searches I can do. I don't know of a single state in the union that tethers the knowledge requirement for their drug trafficking offenses, specifically limits them to the federal schedules. All that they seem to do, the majority, is require that the defendant know that it's illegal. This is not a strict liability offense in California, and I don't believe that can be. Given that that's the thrust of your argument, I'm kind of confused about why you kind of assumed that they had an argument on one route of Rendon and went on the other. It seems like you could be making this argument under either route. You know, looking back, that's altogether possible, Your Honor. I think when I first got this case and I saw, wow, they're basically, the defense is assuming a paradigm. It has to match up perfectly with federal law. It seemed to me, I'd say, well, even assuming that that takes it out of one route, the fact that the statutory language says with some frequency, obviously the court dedicated its en banc resources recently to Martinez-Lopez, to deciding conclusively that the drug-type element is divisible. We would submit that this is basically an attempt to end-run that decision. Yes, it's true that this specific needle-thin issue hasn't been presented before, but the other reality is that if this court were to adopt this argument, there would be no way, not only for any California drug crime to satisfy the definition that they put at unreasonably high levels, we would submit that no other state could satisfy it either. And how would that promote policies of fairness, uniformity, even in immigration law, that uniformity is promoted by the fact that even under Route 1, it still has to be a federally controlled drug. So it's not as if... As you pointed out earlier, Commerce clearly intended to broaden, not narrow, the scope of what state offenses could be included under this provision. Absolutely, and that is our position, Your Honor. Are you still arguing that he had no prejudice here? Yes, because basically, as my point, there's the three requirements, 1326D. We're assuming that they don't have to worry about exhaustion of remedies and the deprivation of review. But to me, the prejudice is part and parcel of that fundamental unfairness. And they have the burden to prove both the due process violation and prejudice. At least it's kind of all or nothing, Judge Friedland. One of these was an administrative removal. The only way it can be a lawful administrative removal for 1326D purposes is if, in fact, it is an aggravated felony as a matter of law. So that means that this question matters. Maybe I'm misunderstanding, but it seems like we do have to figure out whether there is an aggravated felony here or not. And I thought in your brief you were maybe arguing in part that we didn't even have to figure that out because he was removable anyway. And it doesn't matter. And that seems like a real stretch, so I'm wondering if you're still making that argument. Agreed, Your Honor. I put that in as an alternative argument at the very end. That was simply based on the language in Aguirre-Rios that that particular defendant – I'm happy to withdraw that argument because we want this issue decided. And, in fact, I'm glad that the Court brought these two arguments together. There are other cases waiting in the wings. So this is a decision that needs to be decided. And unless there are any further questions, I ask two. Any other questions? You'll have an opportunity, I gather, on the next cases. I appreciate it. Thank you. Okay. I think you have a little bit of time, counsel. I'll give my time to Mike. Okay. So are we going to start the next case then? Yes. Okay. Great. All right.
judges: M. Smith, Friedland, Rakoff